**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

MARCUS D. EVANS,
ADC #109369                                                                  PLAINTIFF

V.                      2:11CV00235 DPM/JTR

SHANTA HARDY, Officer,
East Arkansas Regional Unit, et al.                           DEFENDANTS

**ORDER**

Plaintiff, Marcus D. Evans, alleges that, on June 1, 2009, Defendants used excessive force against him in the East Arkansas Regional Unit. *See* docket entry #1. Plaintiff has filed three discovery Motions, which the Court will address separately.

**I. Plaintiff's Second Motion to Compel**

On July 30, 2012, Plaintiff filed a Second Motion to Compel asking the Court to require Defendants Shanty Hardy and Derrick Mullins to produce medical records documenting the care they received for the injuries they sustained in the June 1, 2009 altercation with Plaintiff. *See* docket entry #70. Defendants Hardy and Mullins argued that *unspecified* security concerns prevented them from releasing those medical records to Plaintiff. *See* docket entry #71. On August 21, 2012, the Court ordered

Defendants Hardy and Mullins to file a *sealed* Supplemental Brief: (1) explaining the specific security concerns actually arising from the release of the requested documents; and (2) identifying the specific portions of those medical records that they believe should be redacted to alleviate those security concerns. *See* docket entry #78. Defendants have timely done so. *See* docket entry #89.

The sealed medical records[1] reveal that, on June 1, 2009:

(1) Defendant Hardy went to the EARU infirmary, where medical providers noted slight swelling around her left eye without any discoloration. She did not receive any treatment for that injury.

(2) Defendant Mullins went to the EARU infirmary for pain and numbness in his third and fourth fingers on his right hand and wrist. Later that day, Defendant Mullins went to the Forrest City Medical Center, where an x-ray of his right hand and wrist revealed no significant injuries. Defendant Mullins was given a finger splint and tylenol for pain.

In their sealed Supplemental Response, Defendants Mullins and Hardy argue that allowing an inmate to posses a prison officer's medical records "could prove extremely dangerous, leading to attacks targeted at an officer's physical

---

[1] As they were produced to the Court, all personal and confidential information (such as phone numbers, social security numbers, addresses, etc.) have already been redacted from these records.

vulnerabilities, blackmail attempts, and increased inmate verbal and psychological harassment of employees." *See* docket entry #89 at 2. Of course, the validity of this argument hinges entirely on the nature and extent of the officer's injuries. In this case, because neither Defendant suffered injuries of any consequence, those injuries could *not* be used to target "physical vulnerabilities." For the same reason, it is far fetched to suggest that revealing such minor injuries to a prisoner could result in "blackmail" or "verbal and psychological harassment."

Thus, the Plaintiff's Second Motion to Compel is granted, and Defendants must, **within seven days of the entry of this Order**, provide Plaintiff with the same *redacted* copies of Defendant Hardy's and Mullins' June 1, 2009 medical records that were provided to the Court.

## II. Plaintiff's Motion for Sanctions

Plaintiff has filed a Motion asking the Court to sanction Defendants Mullins and Hardy because they failed to timely comply with the August 21, 2012 Order directing them to file a sealed Supplemental Response. *See* docket entries #78 and #91. Apparently, Plaintiff does not recall that the Court later granted Defendants Mullins and Hardy an extension, until October 4, 2012, to file their sealed Supplemental Response. *See* docket entry #80. Defendants Mullins and Hardy timely filed their sealed Supplemental Response on October 4, 2012. *See* docket entry #89.

Thus, Plaintiff's Motion for Sanctions is denied.

### III. Plaintiff's Fifth Motion to Compel

On October 3, 2012, Plaintiff filed a Fifth Motion asking the Court to compel Defendants to answer his outstanding discovery requests. *See* docket entry #88. Each disputed discovery request will be discussed separately.

**A.    Steel Metal Bar**

Plaintiff asked Defendants to produce all documents describing the steel metal bar key Defendant Hardy alleged used to hit him. As explained to Plaintiff in the August 21, 2012 Order, Defendants do not have any such documents. *See* docket entry #78. Thus, the Fifth Motion to Compel is denied as to this discovery request.

**B.    Administrative Regulation 225**

Plaintiff asked Defendants to produce a copy of Administrative Regulation 225, which sets forth employee conduct standards and the ADC's discipline policy. Defendants correctly argue that the policy is irrelevant in this case. Specifically, § 1983 and federal case law – not the ADC's internal policies – will determine if Plaintiff's constitutional rights were violated. Thus, the Fifth Motion to Compel is denied as to this discovery request.

**C.    Max B Shift Hall Desk Logs**

Plaintiff has asked Defendants to produce the Max B shift hall desk logs from

6:30 p.m. on June 1, 2009 until 6:30 a.m. on June 2, 2009. Defendants have recently provided Plaintiff with the shift hall desk logs from 6:59 p.m. until 11:59 p.m. on June 1, 2009. *See* docket entry #90, attachment. However, they have not been able to locate the shift hall desk logs from 12:00 a.m. to 6:00 a.m. on June 2, 2009. *Id.*

The Court cannot compel Defendants to produce documents they do not have. Of course, Defendants have a continuing obligation to search for those records and supplement their discovery response if they are located. Similarly, Plaintiff may cross examine Defendants at trial about how it happened that these desk logs are now missing.

Finally, Defendants have not explained why they have yet to produce the June 1, 2009 shift hall desk logs from 6:30p.m to 6:58 p.m. Thus, they must, within **seven days of the entry of this Order**, either provide Plaintiff with that portion of the logs, or file a Second Supplemental Response explaining why they have not done so.

**D.    Defendant Faron Clemmons**

Plaintiff seeks to compel Defendants to produce: "All documents answer to complaint by Faron R. Clemmons, Case No. 2:11CV00235 DPM." *See* docket entry #88 at 2. The Fifth Motion to Compel is denied as to this nonsensical discovery request.

### E.     Defendant McDaniel's 005 Incident Report

Plaintiff has asked Defendants to produce Defendant McDaniel's 005 Incident Report on the June 1, 2009 altercation. Defendants explain that Defendant McDaniel did not prepare any Incident Report. *See* docket entry #89. Additionally, they have previously provided Plaintiff with the 005 Incident Reports prepared Defendants Hardy, Barden, Clemmons, Moore, Cox, Mullins, and Robinson. *Id.* Thus, the Fifth Motion to Compel is denied as to this discovery request.

### IV.  Conclusion

IT IS THEREFORE ORDERED THAT:

1.     Plaintiff's Second Motion to Compel (docket entry #70) is GRANTED IN PART, as specified herein.

2.     Plaintiff's Motion for Sanctions (docket entry #91) is DENIED.

3.     Plaintiff's Fifth Motion to Compel (docket entry #88) is GRANTED IN PART, as specified herein.

Dated this 23rd day of October, 2012.

_____
UNITED STATES MAGISTRATE JUDGE