# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

MARCUS D. EVANS
ADC #109369                                                              PLAINTIFF

v.                          No. 2:11-cv-235-DPM

SHANTA HARDY, Officer, East Arkansas
Regional Unit, ADC; AVERY COX; BRIAN
BEARDEN; DAVID RICHARDSON;
KENNETH CARLOCK; DERRICK MULLINS;
SHIRLEY MCDANIELS; FARON CLEMMONS;
MOSES JACKSON, III; and JOANN GRAY                                       DEFENDANTS

## ORDER

1. The Court is attaching its 20 March 2014 working drafts of the preliminary instructions, the final instructions, and the verdict forms. Please file any proposed changes or objections by 31 March 2014. Trial is set for 7 April 2014 and is first out.

2. The Court directs the Clerk to correct the spelling of two defendants' names. They should be Brian Bearden (not Barden) and Shirley McDaniels (not Shirely).

3. Evans's motion for a default judgment against Joann Gray, № 135, is denied, and Gray's motion for leave to file an answer out of time, № 137, is granted. Applying the *Pioneer* factors and the precedent, and considering all

the material circumstances, the Court excuses Gray's neglect in not filing a timely answer. FED. R. CIV. P. 55(a); *Union Pacific Railroad Co. v. Progress Rail Services Corp.*, 256 F.3d 781, 782-83 (8th Cir. 2001).

First, default judgments are not favorites of the law. *United States ex rel. Time Equipment Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993).

Second, Gray's neglect was understandable. She alone was served late in the case after she had left ADC's employment. № 116. She got the suit papers, and the summons should have been clear to her about her obligation to respond; but she set the suit papers aside and forgot about them. № 138 at 1. There is no evidence of record that Gray had ever been sued before or had any experience in dealing with lawsuits. She should, of course, have sought counsel or answered *pro se*. But the Court understands how a person could put the suit papers—about an issue from years in the past—aside and not think anything more about it.

Third, Gray's delay in answering is substantial—approximately eleven months. So this is not a case of marginal delay. *Compare In re Jones Truck Lines, Inc.*, 63 F.3d 685, 687 (8th Cir. 1995). On the other hand, there is an identical delay on Evans's part in seeking the default. The Court was the one who pointed out to both parties at the pretrial that no answer for Gray was of

record. In sum, both sides proceeded in the case as if Gray had answered.

Fourth, there is little prejudice to Evans by requiring him to make his case on the merits against Gray, just as he was expecting to have to do until the Court noticed the lack of an answer nine days ago. On the other hand, the prejudice to Gray of not being able to defend on the merits is substantial.

Fifth, a default would introduce needless confusion into an already tangled case involving five claims against ten defendants. The Court would be in the difficult position of telling the jury that Gray, as a matter of law, failed to protect Evans against constitutional violations that are much disputed and must be decided by the jury. In addition to confusion, the fruit of all this might well be an inconsistent verdict.

The best course is for Evans's case against Gray to proceed on the merits—just as everyone was expecting and planning before the recent pretrial. Gray's answer due by 26 March 2014.

**4.** Motion to dismiss court-appointed counsel, № 139, denied for lack of cause. The Court directs counsel to provide, as soon as practicable, copies of whatever requested documents and materials, № 139 at 1-2, it is acceptable under ADC rules for Evans to have in his possession. No transcript of the March 11th pretrial has been certified. The Court notes that Evans prepared

and filed his motion on the fourth business day after the pretrial. More patience would be appreciated. Once trial begins Evans will be in constant contact with counsel and have access to all papers and evidence. Evans must depend on his lawyer to do his job between now and then.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

20 March 2014